Mr. Justice Clayton
delivered the opinion of the court.
This was an action of detinue brought for a negro slave, by the defendant in error, against the plaintiff in error. A verdict and judgment were rendered for the plaintiff in the court below.
Several questions have been made in argument. The title of Buckner as trustee, is derived from a deed of trust executed by A. McManus, to him to secure a debt due to Marshall, Byrne & Co.
*77 The first objection to the recovery grows out of the certificate as to the recording of the deed of trust. This certificate is made and signed by a deputy of .the probate clerk in his own name, and not in the name of his principal. The deed was read upon the trial in the circuit court without any objection of any kind, no motion was made to exclude it, nor any bill of exceptions taken to its admission. We would not lend a willing ear to the objection now for the first time raised. But there is another certificate of the recording of the deed signed by the name of the principal clerk, to which the only objection is, that it bears date some years after the first. It would not be proper to exclude the deed if the first certificate be bad, (as to which we give no opinion) when there is a certificate good in point of form, and to which no objection is made, except that it bears date several years after the deed was placed upon the record. Unless there were evidence to disprove this certificate, we could not pronounce it false, and exclude the deed.
Again it is insisted, that the deed of trust is void, because the slave was left in the possession of McManus, the grantor in the deed. The rule that if personal property be left in the possession of the vendor or grantor, it is evidence of fraud, has no application to deeds of trust or mortgages duly recorded. It is confined to absolute sales. The recording of the mortgage is equivalent to an actual delivery of the property. Forbes v. Parker, 16 Pick. 462; Claiborne v. Hill, 1 Wash. 177; Glasscock v. Batton, 6 Ran. 78; 2 Kent’s Com. 530, n.
Another objection is, that there is no evidence of the bona Jides of the debt secured by the deed of trust, nor any evidence of its existence, except the recital in the deed of trust, and the production of the note for which it was given. This was sufficient ■prima facie proof, and none other was requisite, unless this had been impeached.
The slave for which the suit was brought had been advertised and sold by Buckner as trustee, when the slave was not present, and was in the adverse possession of Hundley. The slave was bid off for Marshall, but was not delivered, nor was any payment made or credit allowed to McManus for the price, *78 so far as the record discloses. We will not undertake to decide, whether the sale is void or not, because made when the slave was in the adverse possession of another. The rights of the debtor would certainly seem to require that a sale should not take place under circumstances so well calculated to sacrifice his interest. “ But when the sale is not upon credit, payment or tender of the price is a condition precedent implied in the contract of sale, and the buyer cannot take the goods or sue for them without payment.” 2 Kent, 492. We do not think that Marshall could recover the slave by suit, in his own name, and the right of action must remain in Buckner.
In the action of detinue the legal title alone is in controversy, if there be equities they must be settled in some other mode. This action is not of that class, in which a suit can be maintained in the name of one for the use of another. Smith v. Mabry, 9 Yerg. 314. The name of Marshall in the record is wholly superfluous, no proof as to any equitable title in him ought to have been introduced. None indeed was introduced, except as to the trustee’s sale. An allegation which is impertinent, or which need not be proved, may be looked upon as surplusage, and wholly disregarded. 2 S. & M. 150.
We cannot perceive that any possible prejudice has accrued to Hundley by the introduction of Marshall’s name, as his title was not involved, being at most inchoate and incomplete. No objection was made upon this ground either, in the court below -t if there had been, it might have been easily remedied.
The judgment is affirmed.